**Rajinder Kumar KAUSHAL, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70498.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2005.\*\*

Decided May 3, 2005.

an abuse of discretion or a denial of due process).

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James R. Patterson, Attorney at Law, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; and Donald A. Couvillon, Esq., Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

### MEMORANDUM ***

Rajinder Kumar Kaushal ("Kaushal"), a native and citizen of India, petitions for review of a final order issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture relief. We conclude the IJ's credibility findings are not supported by substantial evidence and, accordingly, we grant the petition and remand for further proceedings.

### DISCUSSION

To qualify for asylum, Kaushal was required to show he was unwilling to return to India "because of persecution or a well-founded fear of persecution." *See Khup v. Ashcroft,* 376 F.3d 898, 903 (9th Cir.2004) (internal quotation omitted). To obtain withholding of removal, Kaushal was required to show he would more likely than not be subjected to persecution if forced to return to India. *Id.* at 905. Finally, for Convention Against Torture relief, Kaushal must show it is more likely than not he will be tortured if he returns to India. *Id.* at 906. Because the BIA affirmed without opinion, we look to the IJ's decision as the final agency determination. *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005).

The IJ found that Kaushal was not credible. Such a "finding must be supported by specific, cogent reasons, and cannot be based on speculation and conjecture." *Shire v. Ashcroft,* 388 F.3d 1288, 1295 (9th Cir.2004). Moreover, "[m]inor discrepancies, inconsistencies or omissions that do not go to the heart of an applicant's claim do not . . . support an adverse credibility finding." *Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004). Thus, our obligation is to review the IJ's decision to determine whether "separately or in combination" the IJ's findings[1] are "specific and cogent" and "supported by substantial evidence."

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject the Government's contention that Kaushal failed to challenge all of the IJ's findings and thus waived his right of appellate review. A fair reading of Kaushal's appellate brief indicates he challenges each of the IJ's "explicit negative credibility findings." *See Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003) (requiring IJ to make explicit credibility findings).

*Kaur v. Ashcroft,* 379 F.3d 876, 885 (9th Cir.2004) (internal quotation omitted).

The IJ found that Kaushal was not credible because he failed to prove his identity. We disagree. The fact that Kaushal surreptitiously entered the United States, "without more, is not a proper basis for finding [him] not credible." *Kaur,* 379 F.3d at 889. Kaushal supplied his fingerprints and photo identification and thus satisfied any obligation he has under 8 U.S.C. § 1158(d)(1) (providing that asylum cannot be granted until the identity of the applicant has been checked against appropriate records and databases maintained by the Attorney General). Kaushal's submission of (1) a translated birth certification, (2) an original Punjab driver's license with his name, address, and photograph, (3) letters from his wife and father, and (4) a medical record from India satisfied his burden of producing "credible corroborating evidence" of his identity. *See Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000) (explaining petitioner's burden of production).

The IJ found Kaushal's description of his encounter with Kashmiri rebels to be inconsistent and unbelievable because the rebels "are ruthless people, not the sort of people who would go into someone's home for just a meal...." The IJ also noted that Kaushal testified inconsistently in identifying the intruders and what language they spoke. Finally, the IJ deemed it incredible that Kaushal agreed to "call the police" if the rebels returned, but did not have a telephone. None of these inconsistencies, however, go to the heart of Kaushal's claim that *local police* beat and tortured him because they believed he aided the rebels. Moreover, the IJ's reasoning that the rebels should have done more harm to Kaushal and his family is mere speculation that is insufficient to support an adverse credibility finding. *See Shire,* 388 F.3d at 1295.

The IJ faulted Kaushal for adding details about his encounter with the rebels that did not appear in his asylum application. In this circuit, however, "the mere omission of details" in the written application is insufficient to support an adverse credibility finding. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000); *see also Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996) ("It is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application."). Moreover, the discrepancies cited by the IJ are minor and not related to important facts. *See Singh v. Ashcroft,* 301 F.3d 1109, 1113 (9th Cir. 2002) (rejecting credibility finding based on minor discrepancy between testimony and written statement).

The IJ rejected Kaushal's corroborating medical report, noting it was written in English, used simple medical "terminology" to describe Kaushal's injuries, and the doctor's signature did not exactly match the name on the letterhead. The IJ also determined that "the document that purports to be a translation of a birth certificate is suspect" because it is a "facsimile transmission without indicators of the origin." Finally, the IJ opined that Kaushal's "claim is not assisted by the letters that purport to be from his family members" because it is unbelievable that they did not report any harm to themselves even though they also aided the rebels. These rationales do not support an adverse credibility determination because they are not cogent and are based on speculation and conjecture. *See Shire,* 388 F.3d at 1295.

Finally, the IJ questioned Kaushal's motivation for coming to the United States, noting that Kaushal apparently traveled through several other countries but did not seek refuge in any of them "notwithstanding the fact that he was out of harm's way." The IJ also speculated that Kaush-

al's real motivation was "the desire to work in this country" because Kaushal admitted he occasionally worked at a friend's convenience store in exchange for room and board. Again, such reasoning is based on speculation and conjecture and is not supported by any evidence in the record. *See Shire,* 388 F.3d at 1295.

We conclude the IJ's findings are not supported by substantial evidence. *See Kaur,* 379 F.3d at 884–90 (reviewing each of six reasons given by the IJ in support of an adverse credibility determination and concluding "that none of the IJ's reasons, considered either separately or in combination, is specific and cogent [or] supported by substantial evidence") (internal quotation omitted). Without the adverse credibility determination, Kaushal has established presumptive eligibility for asylum. *See Singh v. Ashcroft,* 362 F.3d 1164, 1170 (9th Cir.2004). We therefore grant his petition for review and remand for further proceedings. *See Guo v. Ashcroft,* 361 F.3d 1194, 1203–04 (9th Cir.2004) ("Where an appellate court has held that an … adverse credibility finding is not supported by substantial evidence, … the proper procedure is to remand the case to the BIA for further consideration and investigation in light of the ruling that the petitioner is credible."). On remand, the BIA should also determine whether Kaushal is eligible for withholding of removal and Convention Against Torture relief. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 689 (9th Cir.2003).

PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.